No. 20,030.

JOSEPH EPLEY, *Appellant*, v. J. M. HALL, as Director, etc., et al., *Appellees.*

SYLLABUS BY THE COURT.

1. SCHOOL-DISTRICT BOARD—*May Provide Instruction in Music.* Under the provisions of section 7478 of the General Statutes of 1909 it is competent for a school-district board to provide that other branches shall be taught than those specifically enumerated in the section, and in the discretion of the board they may provide for instruction in music by a qualified teacher.

2. SAME — *Teaching of Music — Authorized by Statute.* The uniform course of study prepared by the state board of education for the common schools of the state for the year 1914, under the authority of chapter 272 of the Laws of 1913, authorizes the teaching of music in such schools.

3. SAME—*Board May Employ Separate Music Teacher.* It is within the discretion of the school-district boards to determine whether all subjects, including music, shall be taught by a single teacher or to provide that music shall be taught by another teacher, provided such other possesses the qualifications and authority required by the school laws.

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed March 11, 1916. Affirmed.

*Frank L. Martin,* of Hutchinson, *Cyrus S. Bowman,* and *J. Sidney Nye,* both of Newton, for the appellant.

*Charles E. Branine,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This suit was brought by Joseph Epley, a taxpayer of Harvey county, to enjoin J. M. Hall, George Kline and Otis Moots, members of the school board of district No. 41, from paying any money out of the funds of the school district to defendant Irene Kelley, a music teacher employed by the board. The injunction was denied.

The case was tried before the court upon an agreed statement of facts, setting forth that Irene Kelley, who held a certificate as a qualified teacher of vocal music, applied to and was employed by the board, in addition to the regular qualified teacher, to supervise and teach music in the district school, which had about twelve pupils. Under the plan adopted she visited the school once each month while school was in session and in the presence of the regular teacher, gave a model lesson in vocal music and left directions with the regular teacher to be followed during the coming month, after reviewing the work that had been done during the previous month. Her salary for this work was fixed at five dollars a month. Before employing Miss Kelley, the board had had some correspondence with the state superintendent of public instruction and the attorney-general with reference to the legality of making the contract for this work, and were advised that it was within their authority.

Plaintiff contends that the contract was unauthorized and illegal, as being an attempt to substitute Miss Kelley's plan of music study for the plan adopted by the state board of education pursuant to chapter 272 of the Laws of 1913, providing

for a uniform course of study for rural schools.   Defendants contend that the law authorizes the board to provide for the teaching of music, and the question as to how they should provide for it was a matter within their own discretion,. whose exercise is not to be reviewed in a court if there is no abuse of their power and discretion.

In respect to rural schools the law provides:

"That in each and every school district shall be taught orthography, reading, writing, English grammar, geography, arithmetic, history of the United States and history of the state of Kansas, and such other branches as may be determined by the district board: *Provided,* That the instruction given shall be in the English language." (Gen. Stat. 1909, § 7478.)

The provision which permits other branches to be taught vests the district board with authority to provide for the teaching of music.   (*Board of Education v. Welch,* 51 Kan. 792, 33 Pac. 654.)

It is contended that the question whether or not music shall be taught is controlled by chapter 272 of the Laws of 1913. That act provides in effect that the state board of education shall prepare a course of study for the common schools of the state of Kansas, and arrange it so that no pupil shall be required to study or recite in more than six of the subjects comprising the curriculum, and providing that the course of study shall be wholly based upon texts which have been duly adopted by the state school book commission.   Certain subjects are designated as major subjects, upon which the pupils are required to study and recite, but different provisions may be made as to other subjects, and while music is not mentioned as one of the major subjects comprising the curriculum, the teaching of vocal music was authorized in the course of study prepared for 1914, the year in which this controversy arose. There was a provision that fifteen minutes of every morning should be given to general exercises, including devotionals, and that in these exercises music might be varied with current events and stories having ethical value, but suggesting that two mornings of each week be given over to music.   It appears that music was not only recognized by the board as a proper part of the course of study, but in the prescribed course, those

in charge of the schools were urged to make provision for training the pupils in music, as follows:

"Teach vocal music, if you can, during your period for general exercises. Give at least two lessons each week. Write the scale on the board and drill on singing it. Use any device for developing a tone and giving the timid confidence enough to make an effort. Sing frequently. Many pupils are afraid to sing in school, but they should be encouraged to make the attempt. Singing exerts only the best influence over a school. Learn many good rote songs. If possible, get song books for your school."

Thus it appears that although music was not designated as a major subject, it was included in the regular course of study prepared by the state board. Under these provisions, the district board therefore had abundant authority to provide for music in the school and pay for the same.

Being vested with authority and discretion in the employment of teachers, the district board was at liberty to determine whether the interests of the pupils would be best subserved by the employment of more than one teacher, and the branches to be taught by each. The board was, of course, required to employ qualified teachers, and it appears that the one employed in this instance had passed the examination required by law and held a certificate which certifies that she had furnished satisfactory evidence of good moral character, successful experience in teaching, and was otherwise legally qualified as a teacher.

The judgment is affirmed.